401 So.2d 1167 (1981)
Patricia Ann TOLIN, Appellant,
v.
Charles TOLIN, Appellee.
No. 80-1802.
District Court of Appeal of Florida, Fourth District.
August 5, 1981.
Robert A. Huth, Jr., Fort Lauderdale, for appellant.
Caryn Grainer, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal by the wife from a final judgment of dissolution of marriage. It is our conclusion that the judgment should be affirmed in part and reversed in part.
The marriage endured for some twenty-five years and resulted in the birth of three children, only one of whom is still a minor. The eldest child is disabled in that he suffers from a mental disorder; however, the record indicates he receives adequate financial assistance from the Federal Government and thus is not dependent on his parents, at least from a monetary standpoint.
The wife never completed high school and has no formal training in any line of endeavor. At the time of the final hearing she was employed in a factory assembly line earning approximately $120 per week. *1168 Since her position was the lowest level in terms of salary and seniority she was subject to frequent and long term layoffs. During the marriage the wife's primary role was that of a homemaker, caring for her three children and husband.
The husband has been a police officer with the City of Fort Lauderdale for the past fifteen years. In order to supplement the family income he worked other odd jobs in his off duty hours as a policeman. However, he terminated the additional employment about the time the parties separated.
In 1962 the parties purchased a house on 18th Street in Fort Lauderdale, taking title as an estate by the entireties. In 1972 the husband purchased a second home on 24th Avenue, but took title in his name alone. The record indicates that all of the purchase price for this second home was paid out of money the husband earned during the marriage.
In her counterpetition the wife sought custody, child support, permanent alimony, attorney's fees, and a conveyance of the 18th Street property and furnishings as lump sum alimony. She also contended she was entitled to a special equity in the 24th Avenue property and prayed that it be sold and the proceeds be divided equally between the parties.
Among other things, the final judgment awarded custody of the minor child to the wife, together with $40 per week child support, parochial school tuition, and medical expenses. The wife was awarded title to the furnishings in the 18th Street house, together with possession of the house during the child's minority. The judgment also awarded $30 per week rehabilitative alimony for twelve months.
Appellant's contention that she is entitled to a special equity in the 24th Avenue property because of her contribution to the family commonweal is without merit. Unquestionably the wife upheld her end of the bargain by taking care of the children, her husband, and the home, in addition to periodically working outside the home part of the time. Although the husband purchased the 24th Avenue property with money he earned during the marriage, the record title was held in his name alone. The law as it currently exists in Florida is that unless a special equity is pled and proven according to the standards enumerated in Ball v. Ball, 335 So.2d 5 (Fla. 1976), record title to a piece of property governs its disposition upon dissolution of marriage. In order to be entitled to a special equity in property a party must prove an extraordinary contribution toward the acquisition of the property. Ball v. Ball, supra. There is no such proof in this record. A special equity does not arise by the mere performance of routine household and child rearing responsibilities. Thus, we affirm the trial court's refusal to award appellant a special equity in the 24th Avenue property. Furthermore, we affirm the award of custody, child support, and the lump sum award of the furnishings in the 18th Street house.
However, we hold that the award of $30 per week of rehabilitative alimony was inadequate in view of the wife's circumstances. We also cannot approve the award of possession of the 18th Street house rather than a lump sum award of that property. Considering the length of the marriage, the wife's substantial contribution to the marriage, her age and education, we believe the trial court abused its discretion in not awarding her the 18th Street house as lump sum alimony, a larger amount of rehabilitative alimony for a longer term, and attorney's fees.
Accordingly, we reverse the final judgment and remand it to the trial court with directions to reconsider the matter and to award the appellant attorney's fees, a larger amount of rehabilitative alimony for a longer period of time and the 18th Street property as lump sum alimony. In all other respects the judgment appealed from is affirmed.
REVERSED IN PART; AFFIRMED IN PART, and remanded with directions.
MOORE and HERSEY, JJ., concur.