413 So.2d 1297 (1982)
Beverly KLEIN, Appellant/Cross-Appellee,
v.
Bernard Robert KLEIN, Appellee/Cross-Appellant.
No. 81-929.
District Court of Appeal of Florida, Fourth District.
May 19, 1982.
*1298 Alan J. Kluger, Miami, for appellant/cross-appellee.
Elizabeth J. DuFresne of DuFresne & DuFresne, P.A., Miami, for appellee/cross-appellant.
GLICKSTEIN, Judge.
Appellant seeks reversal of those portions of the final judgment of dissolution of marriage which failed to award her the marital home as lump sum alimony and denied her child support so long as her teenage daughter continued to work for her father, appellee. She also claims entitlement to permanent alimony. We agree the trial court erred in the first two instances and conclude an award of permanent alimony is appropriate.
The husband cross appeals, claiming the trial court erred in ordering him to pay both support or educational expenses for the daughter after she attains the age of majority and all the child's medical and dental expenses. Again, we agree error was committed.
The parties were married in 1955. At the time of the final hearing in February of 1981, appellant was fifty-five years of age and the parties' boy and girl were twenty-two and sixteen years of age respectively. Because the daughter lives with appellant, the trial judge awarded appellant exclusive possession of the marital residence until the girl turns eighteen or completes four years of college as a full-time student.
Since the beginning of the marriage, appellant has been totally dependent on appellee, not knowing even the size of the mortgage on the marital residence. She has not worked since the first year of marriage. Lacking even a high school education, she has no marketable skills. Back problems and high blood pressure, among other ailments, have troubled her over the years. According to her testimony, her monthly expenses exceed $2,000.[1] She has no assets of her own other than her one-half interest in the marital residence and the personal property contained therein.[2]
*1299 Appellee, on the other hand, is a successful businessman, being the sole stockholder of Jay-Lynne Enterprises, Inc., which operates two retail stores in Broward County.
At the final hearing he introduced a number of exhibits concerning his corporation and the testimony of his certified public accountant who prepared them. For the nine-month period ending December 31, 1980,[3] income from operations of the retail businesses was $6,858; for the nine-month period ending December 31, 1979, income was $70,418. This gloomy financial picture,[4] appellee argues, shows he lacks the ability to pay lump sum alimony. We disagree.
The corporation's balance sheet as of January 31, 1981, reflects total assets of $409,795 and total liabilities of $234,967, leaving a shareholder's equity of $174,828. Current assets exceed $280,000, consisting primarily of cash of $125,146 and inventory of $143,547. Current liabilities totaled $79,872. The accountant estimated appellee's 1981 salary would lie between $40,000 and $50,000; his taxable income for 1980 was estimated at $58,206. In addition, he receives benefits from the solely owned corporation in the form of automobile expense, insurance, and a pension plan.
We believe an award to appellant of the marital residence as lump sum alimony is necessary to insure appellant's bare security in the future, especially in the event of appellee's death. Moreover, such an award would not impose an undue burden on appellee. Vanderslice v. Vanderslice, 396 So.2d 1185 (Fla. 4th DCA 1981). In view of appellant's age and education, the length of the marriage, and the other considerations we have expressed, the trial court abused its discretion in merely awarding possession of the marital residence to appellant. Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981). See also Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980).
Appellant also claims entitlement to permanent alimony. At oral argument the parties agreed the trial court announced its intention to award permanent periodic alimony in the amount of $1,500 per month. The final judgment, however, did not recite the word "permanent," although it did stipulate the award was subject to review in five years. Characterizing the award as rehabilitative would be erroneous as a matter of law, Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980); accordingly, we conclude the wife is entitled to permanent alimony. We also rule the monthly award of $1,500 was reasonable. The provision reserving jurisdiction to review the matter in five years should, however, be stricken; the trial court's readiness and ability to respond to material changes in the parties' circumstances, whenever they occur, is sufficient to insure the administration of justice.
Both parties attack certain provisions in the final judgment relating to child support. We are compelled to reverse for the following reasons.
First, the trial court concluded appellee need not pay child support so long as the daughter continued to work part-time for him but would be obligated if her employment ended for any reason. Were we to approve the principle that a child's earnings should be considered in determining *1300 the parents' obligations for child support, such dangerous precedent would open the door to every irresponsible parent who seeks to evade this most fundamental and basic duty to one's offspring. That we cannot do.
Second, the court continued appellee's obligation for child support after the daughter's eighteenth birthday and required him to pay for her college education. This ruling clearly conflicts with Genoe v. Genoe, 373 So.2d 940, 942 (Fla. 4th DCA 1979), which we follow, and in which we wrote:
A parent is not responsible for support after a child reaches his eighteenth birthday, absent legal dependence, and since attendance at college does not render a child a legal dependent, courts have no authority to require parents to furnish their offspring such advanced education.
The Second District Court of Appeal has held contrary to our foregoing decision in Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980), cert. dismissed, 392 So.2d 1377 (Fla. 1980). See, also, Judge Hurley's concurring opinion in Jones v. Jones, 405 So.2d 775 (Fla. 4th DCA 1981), as well as Note, Finn or Kern? Does A Florida Dissolution Court Possess Authority to Compel Child Support of Healthy, Majority-Age Children Who Are Attending College? 9 Fla. State U.Law Rev. 107 (1981) and Note, Post-Majority Support in Florida: An Idea Whose Time Has Come? 5 Nova L.J. 271 (1981).
Third, the trial judge ordered appellee to pay all his daughter's medical and dental expenses. This award should have limited payment to only those bills which were for other than usual and minor expenses. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973). Finally, any other proper components of child support need not be subsumed in an overall monthly award.
In summary, the final judgment is affirmed in part and reversed in part with directions that the trial court award the wife (a) the marital home as lump sum alimony; (b) permanent periodic alimony of $1,500 per month without provision for review at a time certain; and (c) child support in a reasonable monthly amount with express provision for medical and dental expenses other than usual and minor expenses until the daughter's eighteenth birthday.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ANSTEAD, J., concurs.
DOWNEY, J., dissents in part and concurs in part with opinion.
DOWNEY, Judge, dissenting in part; concurring in part:
The cases cited on page 3 of the majority opinion would unquestionably support an award of the marital home as lump sum alimony by the trial judge. However, I do not believe they require it. Remembering that we are dealing in an area in which the trial judge has a very broad judicial discretion, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), it appears to me the trial judge went to great pains to tailor a final judgment that would fit the needs and circumstances of these parties. As I view the record, there is adequate support for the trial judge to exercise his discretion and deny the wife's prayer for an award of the marital domicile as lump sum alimony.
While it is customary for a court to award an amount certain for child support, the trial judge had the feel of the case and, under the circumstances presented, I believe he had the discretion to handle the child support as he did. Should the future demonstrate the award is inadequate or simply not feasible, the trial court has continuing jurisdiction to reconsider the matter.
Accordingly, I would affirm the refusal to award the home to the wife as lump sum alimony and the manner in which the trial judge fashioned the child support. In all other respects I agree with the disposition proposed by the majority.
NOTES
[1] Appellant testified to monthly expenses of $2,150. Her financial affidavit reflects monthly expenses of $2,004. Appellee's amended financial affidavit shows he had been contributing over $1,900 per month since the parties' separation several months prior to the final hearing.
[2] Appellee's financial affidavit put the value of the marital residence at $200,000, subject to a $65,000 mortgage. The personal property therein was valued at $25,000.
[3] The company's fiscal year begins on March 1st.
[4] As an example of the financial set-backs suffered by Jay-Lynne Enterprises, Inc., appellee points to the corporation's Statement of Changes In Financial Position which was submitted at the final hearing as one of his exhibits. That document reveals one of the corporation's retail stores, the Lauderdale Lakes branch, had losses from operations in the amount of $12,478 for the nine-month accounting period ending December 31, 1980. For the nine-month period ending December 31, 1979, the same branch's income from operations was $24,778. By January 31, 1981, the store had lost $18,765. Appellee's certified public accountant testified that he advised appellee to close the Lauderdale Lakes branch. The corporation's other store, located in Plantation, reported income of $19,336 for the nine-month period ending December 31, 1980. For the prior nine-month period, the store generated income of $45,640. As of January 31, 1981, the store's income was $15,711.