420 So.2d 630 (1982)
Jean K. KING, Appellant,
v.
Jerry A. KING, Appellee.
No. 81-917.
District Court of Appeal of Florida, Fourth District.
September 15, 1982.
Rehearing Denied November 2, 1982.
Joseph Reiter of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellant.
Willard C. Wheeler, Jupiter, and Larry Klein, West Palm Beach, for appellee.
WALDEN, Judge.
This is an appeal brought by the wife from a dissolution of marriage judgment. We affirm in part and reverse in part.
It was a 24 year marriage which produced two children, both now emancipated. The wife at dissolution was 48 years of age and the husband 50 years of age. The wife worked for the past 13 years as a school teacher with a gross yearly income of $18,300.00. She also worked at the outset of the marriage for four and one-half years and primarily supported the parties while the husband attended college. The husband is a senior facilities design engineer with a gross annual income of approximately $51,000.00.
The major marital asset was the jointly owned home which by judgment became owned by the parties as tenants in common. It has now been sold with each of the parties receiving approximately $60,000.00. Without detailing, the trial court with minor adjustment pretty much left the parties as he found them with the wife receiving assets worth about $84,406.00 (including the $60,000.00) and the husband receiving approximately $89,450.00 (including the $60,000.00).
The wife has a health disorder which is not presently incapacitating.
Each of the parties apparently have a retirement benefit somewhere in the offing with the husband's being superior. We do not plumb this circumstance as it is something that may be considered by the trial court at some future date when and if the parties or one of them retires, should it constitute a material change in circumstance. In the same vein, the husband now makes substantial overtime pay which he foresees may diminish or cease. Again, *631 when and if this happens, the trial court may address this change, along with any other material changes that the future may bring.
The final judgment denied alimony to the wife saying, "Although the wife had some health problems, the evidence does not support the contention that these health problems have been or will likely cause income related problems in the foreseeable future. The wife is fully self supporting and the husband is not so well off financially as to justify equalization of the parties' income." We believe this to be error. We hold that the wife should be awarded permanent periodic alimony in an amount to be established by the trial court on remand. The proofs clearly show that the wife's net income is substantially insufficient to meet her reasonable day to day needs. There is a marked differential between their respective incomes. The imbalance is of such magnitude as to reduce the wife's life style, to near poverty level but leave the husband with an enjoyment of his former life style, or nearly so. While we do not say that the incomes should be necessarily equalized, we do say that here the wife has been impermissibly "shortchanged" under the principles of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). This is particularly true considering the age of the parties, the length of this marriage, the wife's limited earning ability, and the fact that, as matters stand, the wife would be placed on the charity of the world if she should become disabled. See also McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978), and Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980), pet. for rev. denied, 397 So.2d 777 (Fla. 1981).
We affirm, with the exception hereafter mentioned, the trial court's judgment and its exercise of discretion in not awarding attorney's fees to the wife and in not awarding the wife additional lump sum alimony. Canakaris v. Canakaris, supra. Now to the exception. There was a savings account in the name of the husband in the sum of $12,200.00. The husband testified without reservation that one-half or $6,100.00 of that sum belonged to the wife. Upon remand $6,100.00 should be restored to the wife.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
GLICKSTEIN, J., concurs.
LETTS, C.J., dissents in part with opinion.
LETTS, Chief Judge, dissenting in part:
I dissent from that part of the opinion which reverses the trial court's failure to award permanent periodic alimony. It is true I prefer the result reached by the majority, but in my view the trial court's disposition is not reversible when one considers all the facts.