BERANEK, Judge.
Appellant/wife appeals that portion of the final judgment of dissolution which awarded appellee/husband a one-half interest in a residence. We reverse.
Married in 1937, the couple lived in one room of a rooming house for many years. Two children were born, and the wife told the husband she wanted a house for the family to live in. The husband refused her request and for the ensuing years the wife worked hard to acquire the house over the objections of and totally without any cooperation from the husband. The wife solemnly promised husband that she alone would pay for the house. By extraordinary effort on her part she did so.
The wife was a clerk in the Elizabeth Arden Shop in Palm Beach while the husband did odd jobs and worked as a golf caddy. In 1961, the wife, with financial assistance from her sister and brother-in-law, acquired two undeveloped pieces of property in Riviera Beach. These parcels were previously owned by her relatives. The wife tried twice to secure financing for the house, but the husband intentionally squelched both attempts. The wife finally secured a mortgage to finance the construction of a house upon this property. It was always the husband's position that he did not want to be obligated to anyone financially. The husband grudgingly co-signed on the mortgage, but only after the wife *635 assured him that she would make all of the payments herself. The wife literally had to beg her husband to sign the papers. She took title in her own name and, helped in part by a bequest from her late employer’s estate, she made all the necessary payments on the house which is currently valued somewhere between $15,000 and $45,000.
The general financial pattern of the marriage was that both parties contributed to a very modest common fund for the day-today living expenses of the family. All money earned by the wife not used for these day to day living expenses was spent to acquire the house. The approximate total expenditure for the house and land was $10,000. All money made by the husband over his contributions to the modest fund for common living expenses was placed in his own savings account, which is currently valued at $10,000. Basically, the wife spent a total of $10,000 to acquire the house and the husband invested his funds in a savings account which now contains $10,000. In its final judgment, the trial court ordered the wife to convey a one-half interest in the home to the husband and ordered the husband to pay the wife the sum of $5,000 from his bank account.
We see no justification for the award to the husband. Indeed, the special facts of the case and all equitable considerations favor the wife. In the judgment, the trial court stated that each party was entitled to a fifty percent equity in the assets of the other. The house was titled in the name of the wife and the husband attempted to prove a special equity therein. The term “special equity” was created to describe a vested interest in property brought into the marriage or acquired during the marriage because of an extraordinary contribution toward the acquisition of the property over and above normal marital duties. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981). The husband was required to prove that he had developed a vested interest in the property through his contribution of funds or services of an extraordinary nature. The husband failed to do so. In fact, the record clearly shows the wife paid for the house with the help of her family and with her own funds, part of which was derived from an inheritance. There is no evidence in the record that the husband contributed any funds for the home. The most compelling fact in the case was the husband’s steadfast refusal to have anything to do with acquiring the house. This marriage was by no means a partnership as to this asset. Thus, we conclude the husband was not entitled to an interest in the house. Appellee has not cross-appealed the trial court’s division of his savings account, but appellant concedes the account should remain the property of the husband. The judgment is reversed and the matter remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
BURNSTEIN, MIETTE K., Associate Judge, concurs.
HURLEY, J., dissents with opinion.