432 So.2d 601 (1983)
Joni TATE, Appellant,
v.
George Thomas TATE, Appellee.
No. 82-1280.
District Court of Appeal of Florida, Fourth District.
May 18, 1983.
Rehearing Denied June 27, 1983.
Ronald E. Jones of Ronald E. Jones, P.A., West Palm Beach, for appellant.
Ronald Sales of Sales & Weissman, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is a dissolution of marriage case which we summarily address inasmuch as there is nothing novel to be found in the facts or law involved.
Using the guidelines found in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) and McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977) we reverse or adjust these portions of the final judgment which provided:
4. The husband be and he hereby is enjoined and required to pay the wife periodic alimony in the amount of $580.00 per month, the first payment to be paid on June 1, 1982 and like payments to be paid on the same day of each month until the court may enter an order terminating those payments. It is not the court's *602 intention that the wife have permanent periodic alimony. After the marital homeplace is sold and the amount of proceeds realized by the wife is known, the court will consider the husband's application that the alimony be terminated and will terminate it or fix the period during which it is payable. That application may be made on motion after notice.
9. The wife be and she hereby is awarded exclusive possession of the marital homeplace and the lot adjacent to it, more particularly described as:
Lot 66, Island Estates, Addition No. 1, Palm Beach County, Florida Public Records,
and
Lot 67, Island Estates, Addition No. 1, Palm Beach County, Florida Public Records.
The parties shall expose the marital homeplace and the lot adjacent to it for sale at the earliest possible time. They shall do all things reasonably required to effect the sale of it at some fair price. Pending the sale, the wife shall pay all of the mortgage payments. The unpaid mortgage balances on the 1979 and 1980 Monte Carlo automobiles as they now are shall be reimbursed to the husband and paid to the mortgagees from the net sales proceeds and the balance of the net sales proceeds shall be equally divided. Net sales proceeds means the amount realized after payment of all costs and expenses of sale, excluding the parties' attorneys' fees involved with the sale which they shall pay themselves.
This is a twenty-five year marriage which produced two children, one of whom is a minor residing with the wife. The wife is unemployed with substantial needs. Due to the sharp disparity between the parties in education, income, and earning capacity, we are of the opinion that the wife is entitled to an award of permanent periodic alimony in the sum of $580.00 per month, rather than a temporary award of such amount. We remand with instructions to make the award permanent upon authority of King v. King, 420 So.2d 630 (Fla. 4th DCA 1982); Canakaris, supra; Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); McAllister, supra.
With reference to paragraph 9 of the final judgment which provided that "Pending the sale, the wife shall pay all of the mortgage payments," husband's counsel conceded before us that upon sale of the marital homeplace and adjoining lot the wife would be entitled to reimbursement of one half of such mortgage payments made by her. Upon remand, we instruct that such reimbursement requirement be made explicit in the final judgment.
The remaining points raised by the wife require no comment as they are without merit, moot, or constitute harmless error.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
DOWNEY, DELL and WALDEN, JJ., concur.