452 So.2d 1083 (1984)
Edward Samuel HIRST, Appellant/Cross Appellee,
v.
Edith Margret HIRST, Appellee/Cross Appellant.
No. 83-756.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
*1084 David R. Schwartz of Mitchell, Hanser & Schwartz, West Palm Beach, for appellant/cross appellee.
Allen R. Seaman of Weathers & Seaman, Lantana, for appellee/cross appellant.
DELL, Judge.
This appeal and cross appeal arise out of a dissolution action.
At the time of the final judgment, the parties had been married for seventeen years and had one son, age fifteen. The wife, age thirty-seven, and the husband, age thirty-eight, were both in good health. Neither party had brought any assets to the marriage.
In 1982, the husband earned approximately $62,000. The wife has an eleventh grade education and has worked as a waitress temporarily at several restaurants over the years. At the time of the final hearing, she was earning approximately $125 to $175 per week. The trial court awarded the wife rehabilitative alimony for a period of seventeen years, the exclusive possession of the marital home for six years and a $10,000 interest in the husband's half of the proceeds from the eventual sale of the marital home as compensation for her interest in his stock, IRA and pension plan. The husband appeals and the wife cross appeals.
The husband contends the trial court erred in awarding the wife rehabilitative alimony for a period of seventeen years and in providing for the wife to have possession of the marital home for three years after their child reaches majority. The wife contends the trial court should have awarded permanent periodic alimony rather than rehabilitative alimony and that it abused its discretion in awarding only partial attorney's fees.
Neither the record, the briefs, nor argument of counsel discloses a reasonable basis for the trial court's award of rehabilitative alimony for seventeen years. We conclude from the trial judge's comments that the intent of this award was to do equity between the parties.[1] However, we are confronted with an award which provides for an excessive period of rehabilitative alimony which cannot be supported by the record. Permanent, periodic alimony provides for the needs of life to a former spouse as they have been established by the marriage of the parties, while the purpose of rehabilitative alimony is to
establish the capacity for self support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.
Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). Nine factors must be taken into consideration in deciding whether to *1085 award permanent periodic alimony: the needs of one spouse for the funds; the ability of the other spouse to provide the funds; the parties' earning ability, age, health, and education; the duration of the marriage; the standard of living enjoyed during the marriage; and the values of the parties' estates. Canakaris at 1201-1202. Our review of the record satisfies us that the wife qualified for an award of permanent alimony under the criteria set forth in Canakaris v. Canakaris, supra. The only factor significantly militating against such an award is her relative youth, and the judge's comment indicates that was the primary reason for awarding rehabilitative rather than permanent alimony.
We agree with appellant's contention that the trial court's award of the exclusive use and possession of the marital home for a period of three years after their minor child has reached majority constituted an abuse of discretion.
The award of "exclusive possession" of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose.
Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).
Appellant stipulated that the wife should have the exclusive use and possession of the marital home until such time as their minor child reached his majority. However, no testimony was offered to support the award of the exclusive possession of the marital home beyond the child's minority.
We find that the trial court acted within its discretion in accomplishing an equitable distribution of the parties' assets when it awarded the wife $10,000 and related the award to the husband's interest in his stock, IRA and pension plan. On the other hand, we conclude that the trial court erred in failing to award appellee the full amount of her attorney's fees since at the time of the final judgment appellee had little or no liquid assets and only minimal income from which she could pay her attorney's fees.
Therefore, we reverse and remand the final judgment entered in this cause with directions to the trial court to award appellee permanent alimony, to modify the award of the exclusive use and possession of the marital home to terminate when the parties' minor child attains the age of majority and to determine and award to appellee the full amount of the reasonable attorney's fees which she expended in the lower court proceeding. We affirm the final judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DOWNEY, J., concurs.
ANSTEAD, C.J., concurs in part and dissents in part with opinion.
ANSTEAD, Chief Judge, concurring in part and dissenting in part:
For the most part, I agree with the majority's decision and analysis of the existing law. I write separately because I think we should let the trial court reconsider the issue of whether rehabilitative or permanent alimony should be awarded. In Conner v. Conner, 439 So.2d 887 (Fla. 1983), it was held that the trial court should be the one to reassess the circumstances of the case if a flaw in the trial court's scheme is found on appeal. I think that is especially appropriate here where the trial court obviously intended that the wife receive periodic payments over a term of years in order to compensate her for the contributions she made to the marriage for 17 years. On the other hand it seems apparent that the trial court did not intend to require the husband to make permanent payments to the wife. It may be that an award of lump-sum alimony payable over a term of years would be an equitable solution to the problem. The parties were both relatively young and *1086 the wife appears to be capable and willing to be rehabilitated. This is really a borderline case in terms of permanent periodic alimony, with the length of the marriage and the disparate earning capacities supporting a permanent award, while the age of the wife and her ability to work support a contrary result. The trial court did a pretty good job of balancing these concerns, and I think we should give that court another shot at it in accord with Conner.
I also think it is important to note the significance of our decision which holds, in essence, that an award of periodic alimony, like an award of child support, should ordinarily be utilized only to provide for support and not as a means of redressing financial inequities which may exist at the time of dissolution:[2]
Periodic alimony is primarily payable from one spouse to another, based upon the need of the receiving spouse and upon the ability to pay by the contributing spouse, giving special attention to facts as to the advisability of rehabilitative alimony.
Brown v. Brown, 300 So.2d 719, 725 (Fla. 1st DCA 1974).
NOTES
[1] The trial judge stated, "At thirty-seven you are really too young to be dependent on him for the next one hundred years. That's not right, nor should he have to pay thirty years from now. That should give you some help from here on out for the next seventeen years."
[2] There may be a narrow exception to this rule but it is one which does not apply here:

While permanent periodic alimony is most commonly used to provide support, in limited circumstances its use may be appropriate to balance such inequities as might result from the allocation of income-generating properties acquired during the marriage. Patterson v. Patterson, 315 So.2d 104 (Fla. 4th DCA 1975).
Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).
Interestingly, the Patterson decision did not "balance such inequities" but rather appeared to be a straight-forward decision directing that an award of permanent support for the wife was mandated by the facts of the case. No mention was made of doing so to offset any "inequities as might result from the allocation of income-generating properties" although an award to the husband of the wife's interest in such a property was also reversed in the decision.