466 So.2d 333 (1985)
Richard H. ADAMS, Appellant,
v.
Sunny L. ADAMS, Appellee.
No. 83-2122.
District Court of Appeal of Florida, Fourth District.
February 27, 1985.
Rehearing Denied April 15, 1985.
*334 Charles W. Musgrove, West Palm Beach, for appellant.
Stephen J. Press of Evans, Press & Sharff, P.A., West Palm Beach, for appellee.
HERSEY, Judge.
Richard H. Adams appeals from various aspects of a final judgment dissolving marriage.
The parties met in South Korea, where the husband was stationed in the military and the wife, a native of South Korea, was a hostess in a club. They were married on July 24, 1969, moving to West Palm Beach two years later. No children have been born of the marriage.
In 1982 the wife petitioned for dissolution of the marriage. The final hearing was held on August 30, 1983. At that time, the husband was fifty-two years old and the wife was thirty-six.
The wife was previously employed by Metco Electric Co. for four years, holding the position of quality control inspector during her last two years with Metco. During the same time period, she also worked part-time at Jai Alai for two years. The wife testified that she lost her job at Metco in 1982 because of health problems, which testimony was not contradicted by the husband, who testified that he did not know the reason the wife lost her job. She has a rheumatic heart, as well as stomach and skin problems. She has been on medication for the past four years for her heart and stomach conditions. She was also seeing a psychiatrist but had ceased psychiatric treatment at the time of the final hearing. She stated that her health is "[m]uch better than before."
The wife had two years of nursing training in Korea and tried to attend nursing school in the United States but was unable to continue because of her difficulty with the English language. Just before the final hearing she began working as an assembler for a cable television company, earning $7,800 per year.
The husband retired from the military after twenty-one years. For the past eight years he has been employed by Pratt & Whitney. At the time of the final hearing, he was a warranty analyst and his salary was approximately $21,000 per year, plus paid overtime. He had been working overtime four to five hours per week but was no longer doing so. The husband also receives a military pension in the amount of $8,760 per year. He plans to retire from Pratt & Whitney at age fifty-five, but could continue working if he chose to do so.
The parties' property consisted primarily of a mobile home worth $40,000 with a $30,000 mortgage and payments of $530 *335 per month on the mortgage and lot rental; a lot on Military Trail in Riviera Beach worth $30,000 with no mortgage; and a lot in Pennsylvania worth $1,500 and titled solely in the husband's name, which was a gift from his mother. The husband had a life insurance policy through his employer in the amount of $52,000. At the final hearing, the wife's attorney noticed that the husband's financial affidavit listed a bank account in the amount of $2,880.48. The parties had reached an agreement regarding the division of their automobiles and household furnishings.
The court ordered that the mobile home and Riviera Beach lot be sold and that the proceeds be divided equally between the parties. The wife was granted temporary use of the mobile home until such time as it was sold. The furnishings and automobiles were divided as the parties had agreed. The husband was ordered to pay the wife $600 per month as rehabilitative alimony for fifteen years. The court further ordered that the $2,880 in the husband's checking account be divided equally, that the wife remain as beneficiary of one-half of the proceeds of the husband's life insurance, and that the husband pay $1,300 of the wife's attorneys' fees.
We reverse the award of rehabilitative alimony. There is no basis, at least on this record, to support a rehabilitative period of fifteen years. Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984). There is in fact no evidence that appellee could be rehabilitated or habilitated to the point where she could be self-supporting. The trial court should have awarded the $600 per month as permanent, periodic alimony. Walter v. Walter, 464 So.2d 538 (Fla. 1985); Tate v. Tate, 432 So.2d 601 (Fla. 4th DCA 1983); King v. King, 420 So.2d 630 (Fla. 4th DCA 1982).
The checking account should not have been divided between the parties. No special equity is shown by the evidence, Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981), and in the absence of a special equity or a showing of some justification or great need the award was erroneous. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983); Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978).
That portion of the final judgment requiring that appellee remain as beneficiary on the husband's life insurance policy is similarly unsupportable in the absence of a record showing which justifies an award of alimony after death. Weinschel v. Weinschel, 379 So.2d 145 (Fla. 3d DCA), cert. denied, 390 So.2d 827 (Fla. 1980). See also Blais v. Blais, 410 So.2d 1365 (Fla. 5th DCA 1982); Perkins v. Perkins, 310 So.2d 438 (Fla. 4th DCA 1975); Wilbur v. Wilbur, 299 So.2d 99 (Fla. 3d DCA 1974).
The final judgment is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and WALDEN, JJ., concur.