482 So.2d 590 (1986)
Constantin CONTOGEORGOS, Appellant,
v.
Lorraine CONTOGEORGOS, Appellee.
No. 84-2513.
District Court of Appeal of Florida, Fourth District.
February 7, 1986.
Jeanette Pagano and Terry E. Resk of Lavalle, Wochna, Rutherford & Brown, P.A., Boca Raton, for appellant.
Arnold F. Kurzinger, Boca Raton, for appellee.
PER CURIAM.
At issue is whether the trial court abused its discretion by awarding permanent instead of rehabilitative alimony. We reverse.
Husband and wife were married in 1975 and had been married for nine years before their marriage ended in 1984. Husband is 39; wife is 29. Husband did not testify to any ailments and is presumably in good health. Wife said she is "very" healthy. Husband is a stockbroker, has an extensive educational background, and has a law degree in Greece. Wife did not work during the marriage, but did begin college and excelled in the courses she took, attaining a 3.8 G.P.A. She testified that she would like to return to school for the purpose of *591 pursuing a degree in banking and finance. When asked if she believes she can become successful in the field, she replied "most definitely." When asked what she wants to do in the future, she testified as follows:
A. I want to go back to school and earn a degree in banking and finance. I feel that after four years I'll be prepared to pursue the employment in banking and finance that I want. Within six to twelve months after graduation I feel that I can be financially independent.
Q. Self-supporting?
A. Yes.
Wife said it would take her "no more than four years" to finish college and that, after completing college, she believed she "could be self-sufficient." She agreed that she has a long business career ahead of her and, finally, said that she would need $3,000 per month to support herself and her nine-year-old daughter during the period in which she completes her college education.
The principal asset acquired during the marriage was a condominium in Boca Raton. Ownership remained 50-50 but husband was awarded exclusive use and possession upon dissolution because certain of his major clients reside there and, consequently, he derives a substantial amount of income from his presence there. Wife further testified, but failed to substantiate, that husband receives income from a building in Greece.
The trial court entered a final judgment of dissolution which, inter alia, awarded the wife $800.00 per month as permanent alimony. The husband appeals this point, contending that the award constitutes an abuse of discretion. We agree.
The standard of review is whether the trial court abused its discretion. Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984). As the Florida Supreme Court said in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980), "if reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."
"Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties." Canakaris v. Canakaris, supra, at 1201; see also Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985). Guided by Canakaris, this court has detailed nine factors which are relevant in determining whether an award of permanent alimony is appropriate: (1) the needs of one spouse for the funds; (2) the ability of the other spouse to provide the funds; (3) the parties' earning ability; (4) their age; (5) their health; (6) their education; (7) the duration of the marriage; (8) the standard of living enjoyed during the marriage; and (9) the value of the parties' estates. Linn v. Linn, supra, at 616.
Rehabilitative alimony, on the other hand, is to "establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, supra, at 1202; see also Linn v. Linn, supra; Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984). Thus, rehabilitative alimony may be appropriate where the evidence suggests the wife "can be rehabilitated to a financial stature that would permit her to become self-supporting." Sever v. Sever, 467 So.2d 492, 495 (Fla. 2d DCA 1985).
Each of the factors enumerated in Canakaris is important in determining whether permanent periodic or rehabilitative alimony should be awarded. While "permanent dependence on a husband [is] not an essential element requiring proof before an award of permanent alimony could issue," Carrier v. Carrier, 409 So.2d 256, 257 (Fla. 4th DCA 1982), it is clear that decisional authority, in approving awards of rehabilitative alimony, has placed great emphasis on the wife's ability to become self-supporting. Where the wife has the wherewithal to make it on her own, rehabilitative alimony has been deemed proper. *592 Conversely, where she is unable to do so, permanent periodic alimony is the appropriate choice.
In Sever v. Sever, supra, the wife, 40, did not work at all during the fifteen-year marriage. She had only a high school diploma, and her limited employment prospects would have been at minimum wage. She also suffered from recurrent bouts with mental illness. The Second District reversed the award of rehabilitative alimony and instructed the trial court to enter an award of permanent alimony at the same rate. In Weider v. Weider, 402 So.2d 66 (Fla. 4th DCA 1981), at the end of a twenty-three-year marriage, the wife was 60 years old and in poor health. Her employment opportunities were equally poor. This court held the trial court's failure to award permanent alimony constituted an abuse of discretion and reversed.
Similarly, in Adams v. Adams, 466 So.2d 333 (Fla. 4th DCA 1985), this court reversed an award of rehabilitative alimony and held, in view of the lack of any evidence suggesting the wife could be rehabilitated to a level of self-sustenance, that permanent alimony should have been awarded. In Adams, the wife was 36 years old after a thirteen-year marriage. She was in fair health, and had only been employed in menial positions (e.g., jai-alai fronton worker, assembler at a cable television plant). This court found that her prior work experience indicated that her chances of obtaining meaningful employment were slim. Finally, in Linn v. Linn, supra, the wife was 43 years old after a twenty-five year marriage. She had a high school diploma, and there was testimony that her limited work experience would likely qualify her for a position in the $10,000-12,000 per year range. This court found that she was entitled to permanent alimony since there was no evidence the wife could be habilitated to the point of becoming self-supporting, especially in view of her lack of meaningful work experience.
Courts have found rehabilitative alimony the correct solution where the wife had a clear ability to become financially independent at some point in the future. In Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), petition for review dismissed, 453 So.2d 1364 (Fla. 1984), the Fifth District found that after a ten-year marriage, the 34-year-old wife should have only received rehabilitative, and not permanent, alimony. There, the wife had three years of college in Thailand which, while apparently not the equivalent of an American college, prepared her for the various positions she had held. Her net earnings from her current position were $540 per month. She spoke several languages and the evidence showed that the ability to fend for herself was within her reach. The court said that
Where, as here, the evidence demonstrates without question that the additional needs of the wife beyond her present earnings are well within her reach, the trial court should give her the reasonable opportunity and the means with which to improve her skills so as to accomplish that result. [I]t would be manifestly unjust to require [the husband] to provide support to a young, healthy, and capable wife for the remainder of her unmarried life without first requiring the wife to demonstrate that in spite of her skills, she is unable to make her way by herself.
Id. at 669.
Finally, the court said that "where the record affirmatively shows the wife's ultimate capacity to become self-supporting, an award of permanent periodic alimony is improper." Id. at 668.
In the case at bar, it is clear from wife's own testimony that she is young, healthy, ambitious, intelligent and, most importantly, she readily admitted that she could be self-supporting within six to twelve months after graduating. With this background, we hold that the award of permanent alimony constituted an abuse of discretion. Accordingly, we reverse the final judgment, save for those provisions granting dissolution, child custody and child support and, remand with instructions *593 that the trial court determine an appropriate award of rehabilitative alimony.
DOWNEY and HURLEY, JJ., and RIVKIND, LEONARD Associate Judge, concur.