PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage.
We recognize that a trial court, in determining a proper equitable distribution of property acquired during the marriage, may refuse to divide amounts in a separately-held account absent a showing of special equity or a showing of great need or other justification. Adams v. Adams, 466 So.2d 333, 335 (Fla. 4th DCA 1985). However, the trial court designated a savings account held individually by the wife as excess earnings acquired during the last year of the marriage and expressly refused to consider the account in determining claims for support and the distribution of assets and the award of attorney’s fees. We find no basis in this record for the trial court’s refusal to consider the wife’s separately-held savings account.
Therefore we reverse on the authority of Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985) and Canakaris v. Cankaris, 382 So.2d 1197 (Fla.1980). We remand this matter to the trial court to reconsider its distribution of the marital property, the award of child support and attorney’s fees in light of the wife’s separately-held savings account and the checking account in the amount of $7,000 held individually by the husband.
REVERSED and REMANDED.
DOWNEY, DELL and STONE, JJ., concur.