W. SHARP, Judge,
dissenting.
I respectfully dissent. The fact findings of the trial court, in this case, were not specific enough in order to provide us with a meaningful review of an award of either permanent or rehabilitative alimony. See § 61.08(1), Fla. Stat. In such cases we most often remand to the trial court in order to afford it the opportunity to make adequate fact findings. See, e.g, Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988). I think we should follow that procedure in this case. This does not appear to me to be an open-and-shut ease for a no permanent alimony award.
Nor do I think we should foreclose the possibility that on remand an award of rehabilitative alimony might be proper, if sustained by sufficient fact findings. This was not a short-term marriage — nine years. The former wife is 46 years of age. Although she worked to support herself and the former husband’s household, in Florida, she may have suffered a decline or loss of earnings potential when she moved with the former husband to Florida shortly after the marriage, at his request and insistence, and gave up her job as supervisor in a manufacturing business.
*648 Further, there was evidence that the former husband caused the former wife to lose the job she held in Florida because he came to her place of employment and “everybody was concerned for their safety.” At the time of the dissolution, the former wife was unemployed and the former husband was earning $38,000.00 gross per year or higher. The former wife’s highest gross earning potential was $20,000.00 per year.
An award of rehabilitative alimony under these circumstances would be within the trial court’s discretion, designed to provide support until the former wife can re-establish herself as selfsupporting. See Hann v. Hann, 629 So.2d 918 (Fla. 2d DCA 1993); Siegel v. Siegel, 564 So.2d 226 (Fla. 5th DCA 1990); Contogeorgos v. Contogeorgos, 482 So.2d 590 (Fla. 4th DCA 1986).