434 So.2d 1022 (1983)
Naheed Durdana FAZLI, Appellant,
v.
Syed F. FAZLI, Appellee.
No. 82-2379.
District Court of Appeal of Florida, Second District.
July 22, 1983.
Douglas A. Wallace, Bradenton, for appellant.
J.B. Donnelly and, Thomas A. Moseley of Grimes, Goebel, Parry, Blue, Boylston & McGuire, Bradenton, for appellee.
LEHAN, Judge.
The wife appeals from a final order of dissolution of marriage and contends that *1023 she should have been awarded either the husband's one-half interest in the marital home as lump-sum alimony or exclusive possession of the marital home until her death or remarriage or the attainment of majority by the youngest child. We reverse.
The parties were married in 1964 in East Pakistan, now Bangla Desh. They have two daughters, who were 16 and 14 years old at the time of the final hearing. In the early 1970's, the husband came to the United States to pursue his education, while the wife and children remained in Pakistan, living with and supported by the wife's sister. The wife and children joined the husband in 1973, and the family lived in Texas and Orlando before settling in Bradenton. In 1976 they bought a two-bedroom home, titled in the parties' joint names.
During the marriage the husband worked outside the home, and the wife took care of the children and did the housework. The wife also did occasional babysitting to supply the children with clothing and school lunches.
At the time of the final hearing, the husband was employed as an agricultural consultant and plant pathologist, earning $24,000 a year. His job entailed frequent travels out of the country for the expenses of which he was reimbursed. The wife was unemployed at the time, although she had worked sporadically at minimum-wage jobs since the separation. The wife completed high school and two years of college in Pakistan but had no further education or vocational training. She learned to speak English after coming to the United States but still has some difficulties with the language. The value of the home at the time of the final hearing was estimated to be $80,000, with a $34,000 principal balance due on the mortgage and $342 monthly mortgage payments.
The trial court gave the wife custody of the two children and ordered the husband to pay $150 per month child support for each child. The wife was awarded $100 per month rehabilitative alimony for two years. The wife was also given exclusive possession of the marital home "until it is sold" and was required to pay all mortgage payments and other expenses of the home. In addition, the wife received the contents of the home as lump-sum alimony and $500 towards her attorney's fees.
This is a case where, unfortunately, the assets and income of the parties do not appear sufficient to allow two separate households to be maintained in the lifestyle enjoyed during the marriage. While not an easy task in this type of situation, we must undertake to ensure "equity and justice between the parties" when determining the issue of alimony. Section 61.08, Fla. Stat. (1981).
The wife in this case will initially receive $400 per month in child support and alimony, but that amount will decrease as the alimony terminates and the children turn eighteen. In about four years from the date of dissolution, all payments to the wife will stop. The trial court may have premised the awards on the basis that the two years of rehabilitative alimony would allow the wife to become self-supporting. However, we do not find that the record supports the conclusion that two years is sufficient time considering the wife's lack of appreciable job history or education in the United States and her less-than-perfect command of the English language. There also is a lack of basis to conclude that $100 per month, under all the circumstances, would allow her to pursue sufficient further education or vocational training to become self-supporting. Being self-supporting is not necessarily the same as having employment or income. O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).
Because there is apparently over $40,000 equity in the marital home, which is the parties' only major asset, the trial court might have felt it equitable to allow the parties to sell the house at any time, thus giving each spouse over $20,000 in principal to invest or use for living expenses. However, $20,000 would not support the wife for more than a relatively short period of time, *1024 even when used to supplement minimum-wage income.
Thus, the posture of the parties at this time is that the husband retains his long-term ability to earn a good living which now pays him $24,000 salary. Out of that he must pay alimony and support totaling only $4,800 annually which will reduce to nothing in four years. During those same years the wife must support herself and two children and also attempt to rehabilitate herself in this country. It appears that the wife has indeed passed "from prosperity to misfortune." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). For that reason we reverse and remand to the trial court for further consideration.
We recognize the difficulties faced by the trial court in attempting to do equity and justice to both parties, and we offer two possible alternate solutions that seem more equitable to the wife than the current situation.
First, the court could award to the wife as lump-sum alimony the husband's one-half interest in the marital home. If the trial court finds the husband is unable to pay permanent periodic alimony, an award of lump-sum alimony may be appropriate. In long-term marriages where the wife has limited employment skills and assets, an award of the husband's interest in the marital home may be proper. See Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982); Vanderslice v. Vanderslice, 396 So.2d 1185 (Fla. 4th DCA 1981); Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980). However, one problem with awarding the marital home to the wife in this case is her apparent lack of income to pay the mortgage and other expenses.
An alternate solution might be to require the husband, in addition to paying other alimony and child support, to make the mortgage payments on the house for four years, that is, until the youngest child reaches eighteen. The wife could have exclusive possession until that time so that she could provide a home for the children. The house could then be sold, with the husband being repaid one-half of the payments he has made over the four years (i.e., being repaid for the wife's half of the payments) out of the equity realized from the sale. This approach would require greater expenditures by the husband for four years, but he has the greater earnings and earning potential. This alternate would give several years of security to the children and would allow the wife some time to establish a work record or get further education without the heavy economic burden placed on her by the current judgment.
There are potential problems with either alternative. The trial court is in a better position than we are to evaluate the facts relating to the parties' financial conditions and to choose the most equitable result. No solution will be perfect for all concerned, but some relief must be given to the wife beyond that which was given in the original judgment.
We REVERSE AND REMAND to the trial court to enter an order which includes either of the foregoing suggested alternatives or such other relief as is in all respects equitable.
HOBSON, A.C.J., and CAMPBELL, J., concur.