467 So.2d 492 (1985)
Patricia K. SEVER, Appellant,
v.
Gary A. SEVER, Appellee.
No. 84-1300.
District Court of Appeal of Florida, Second District.
April 19, 1985.
*493 Gary Anthony Urso and N. David Korones, Clearwater, for appellant.
John D. Fernandez, Clearwater, for appellee.
PER CURIAM.
Appellant, Patricia K. Sever, appeals from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The parties were married on November 14, 1969, and had two children, aged fifteen and thirteen at the time of the final hearing. The appellee, Gary A. Sever, filed a petition for dissolution of marriage on November 9, 1982.
The wife did not work during the parties' fifteen-year marriage. At the time of the final hearing, held on December 28, 1983, she was forty years of age. The wife suffers from a mental illness for which she has been hospitalized four times. She testified that she has not been on medication since 1982 and that she was not receiving therapy at the time of the final hearing.
*494 Prior to the marriage, the wife worked as a boutique manager. She has a high school education and has completed one semester in junior college. Her background is in management, sales, modeling, and display work. She has attempted, unsuccessfully, to secure employment since the parties' separation. It appears that most of the jobs for which she is qualified pay minimum wage. The wife testified that she would like to go into fashion design but had not checked into the amount of time it would take to accomplish that objective. An automobile acquired after the parties' separation and valued at $900 was her only asset.
The husband had been earning $50,000 per year as a district manager for Radio Shack. He left that position in 1982 and, since that date, has been earning approximately $30,000 per year by buying and selling options in Tandy Corporation stock acquired during the marriage. At the time of the final hearing, the husband had accumulated approximately 5,000 shares of stock having an estimated unliquidated value of $200,000.
The parties' property consisted primarily of the marital home, which was valued between $77,500 and $82,000 and encumbered with a $62,500 mortgage. The parties owned two cars and various household items. Their only other asset consisted of the stock held in the husband's name.
The trial court found that the wife would be able to rehabilitate herself within three years. The court also found that the wife was presently suffering from emotional and mental illness. Shared parental responsibility of the children was ordered, with primary residential care awarded to the husband. The husband received exclusive use and occupancy of the marital residence for the period of the children's minority. Upon the children reaching majority, the house is to be sold and the net proceeds divided between the parties. The wife was awarded rehabilitative alimony in the amount of $800 per month for the first year and decreasing amounts every year thereafter. The wife's claim for lump sum alimony in the Tandy Corporation stock was denied. The court awarded one automobile to each party and provided for distribution of the household goods. The husband was ordered to pay the wife's attorney's fees, court costs, one-half the cost of the wife's health insurance coverage, and mortgage payments on the home.
The wife filed a timely notice of appeal. She contends that the court erred in denying lump sum alimony and erred in awarding rehabilitative alimony instead of permanent periodic alimony.
We find that the denial of an award of stock to the wife as lump sum alimony was within the trial court's discretion. An award of lump sum alimony to ensure equitable distribution of property acquired during the marriage is inappropriate where it will endanger or impair the economic status of the paying spouse. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Yandell v. Yandell, 39 So.2d 554 (Fla. 1949). Trading stock in this case is the husband's sole means of producing income and his sole means of paying alimony. Permanent periodic alimony should have been awarded, however, to balance the inequity arising from the award of the entire amount of stock to the husband. Walter v. Walter, 464 So.2d 538 (Fla. 1985); Canakaris.
Rehabilitative alimony, furthermore, was inappropriate in this case. Rehabilitative alimony is used to establish the capacity for self-support in the receiving spouse, either through the redevelopment of previous skills, or provision of the training necessary to develop potential supportive skills. Canakaris; Pierson v. Pierson, 462 So.2d 613 (Fla. 2d DCA 1985). We find nothing in the record to substantiate the trial court's finding that the wife can be rehabilitated. The wife in this case does not have a job or any income. Even though she has a background in ladies' merchandizing, she has not been employed in that field for more than fifteen years, and her testimony indicated that if she became employed, she would probably earn only minimum wage. Permanent periodic, *495 and not rehabilitative, alimony should have been awarded because no evidence was presented to indicate that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting. Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); Adams v. Adams, 466 So.2d 333 (Fla. 4th DCA 1985).
Based upon the wife's needs and the husband's ability to pay at the time of the final hearing, we cannot say that the trial court abused its discretion in awarding to the wife $800 per month for the first year. Hertog v. Hertog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). We find, however, that nothing in the record supports the successive diminishments of that amount for the years to follow. Unless evidence exists to support a finding that a wife's financial picture will in fact change in the future, there can be no provision for an automatic reduction in alimony. Ramsey v. Ramsey, 431 So.2d 258 (Fla. 2d DCA 1983); Kangas v. Kangas, 420 So.2d 115 (Fla. 3d DCA 1982); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 424 (Fla. 1977); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980).
We, accordingly, reverse the rehabilitative alimony provision of the final judgment and remand with directions to enter an award of permanent alimony in the amount of $800 per month. We affirm the judgment in all other respects.
Affirmed in part, reversed in part, and remanded.
GRIMES, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.