475 So.2d 268 (1985)
Patricia CONDREN, a/K/a Patricia T. Condren, Appellant,
v.
Donald CONDREN, Appellee.
No. 84-2535.
District Court of Appeal of Florida, Second District.
August 30, 1985.
Rehearing Denied September 17, 1985.
Salvatore C. Scuderi, P.A., Marco Island, for appellant.
Lawrence D. Martin of Vega, Brown, Nichols, Stanley & Martin, P.A., Naples, for appellee.
*269 SCHOONOVER, Judge.
Appellant, Patricia Condren, appeals from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The parties were married on November 5, 1961. They have two children, aged fifteen and seventeen at the time of the final hearing. The wife, aged forty-four, worked as a telephone company service representative for a short period of time prior to the birth of the parties' first child. The appellee, Donald Condren, owned and operated a business in Collier County, Florida. He derived additional income from an asset base of various stocks, options, and real estate and business ventures. Although the record does not indicate the husband's income during the last year of the parties' marriage, the court found that he earned approximately $80,000 per year. The parties acquired a $400,000 home and other interests worth approximately $1.5 million during their marriage.
The trial court awarded to the wife the husband's interest in the marital home and furnishings, a 1983 AMC Concord automobile, and $50,000 cash. The court also ordered the husband to pay $2000 per month as rehabilitative alimony for a period of two years, at which time alimony would be reduced to $1000 per month until the wife's death, remarriage, or cohabitation with a male. The parties were given shared parental responsibility of the children, with primary custodial care awarded to the wife. The husband was required to pay child support in the amount of $400 per month for each child, until each reached majority. This appeal timely followed.
We find merit only in the wife's contention that the court erred in awarding rehabilitative alimony, in awarding an insufficient amount of permanent periodic alimony, and in attaching a condition to the wife's receipt of alimony. We affirm the trial court in all other respects.
The court's order resulted in the wife being awarded rehabilitative alimony for two years, followed by a reduced amount of permanent periodic alimony. Because of the nature of the assets owned by the parties and because they serve as the husband's sole means of producing income, we cannot say the trial court erred in making an equitable distribution of the parties' assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Additional permanent periodic alimony should have been awarded, however, to balance the inequity arising from the court's distribution of property. Walter v. Walter, 464 So.2d 538 (Fla. 1985); Canakaris.
Rehabilitative alimony, furthermore, was inappropriately awarded in this case. Rehabilitative alimony is used to establish the capacity for self-support in the receiving spouse, either through redevelopment of previous skills, or provision for the training necessary to develop potential supportive skills. Canakaris; Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985). The wife in this case does not have a job or any income, and the evidence indicates that if she becomes employed, she will probably earn only minimum wage. Permanent periodic, and not rehabilitative, alimony should therefore have been awarded because no evidence was presented to indicate that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting. Sever; Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); Adams v. Adams, 466 So.2d 333 (Fla. 4th DCA 1985).
Based upon the wife's needs and the husband's ability to pay, as evidenced by the parties' respective earning abilities, ages, health, education, the duration of their marriage, and their standard of living, we find that the court was well within its discretion in awarding to the wife the sum of $2000 per month for the first two years. We find, however, that nothing in the record supports the automatic reduction of that amount to $1000 per month for the years to follow. If either party's circumstances change at any time, either may file a petition to modify. Without evidence to support a finding that a wife's financial picture will in fact change in the future, there can be no provision for an automatic *270 reduction in alimony. Sever; Ramsey v. Ramsey, 431 So.2d 258 (Fla. 2d DCA 1983). We, accordingly, reverse the alimony provision of the final judgment and remand with directions to enter an award of permanent periodic alimony in the amount of $2000 per month.
Finally, we find that the portion of the final judgment providing for termination of alimony upon the wife's cohabitation with a male is improper. Accordingly, we order the trial court to strike that condition upon remand. Dominik v. Dominik, 390 So.2d 81 (Fla. 3d DCA 1980); see also, Wambst v. Wambst, 391 So.2d 375 (Fla. 3d DCA 1980); Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.