PER CURIAM.
This appeal concerns a marriage of twenty-nine years. The parties had three children, all of whom have reached majority. We find no error in the trial court’s distribution of the parties’ assets. However, we conclude that the trial court should have awarded appellant permanent periodic alimony rather than rehabilitative alimony for a period of three years. Appellant did not work during most of the marriage. She *922 had a college education and received a real estate license in 1980. However her annual net income has never exceeded $2,200. From this record we see no indication of a likelihood that this fifty-five year old woman will experience any significant increase in her income at any time in the foreseeable future. We find no merit in appellee’s argument that appellant can petition for modification of the alimony award prior to expiration of the rehabilitative alimony. To approve such an argument would place the burden on appellant to prove significantly changed circumstances at the end of the rehabilitative period. The record supports an award of permanent periodic alimony; therefore we hold the trial judge erred in failing to grant her such relief. See Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980); DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983). We also hold that the trial court abused its discretion in failing to award appellant reasonable attorney’s fees. See Sloman v. Sloman, 418 So.2d 1249 (Fla. 4th DCA 1982).
Accordingly, we reverse that part of the final judgment which awarded appellant rehabilitative alimony and denied her request for attorney’s fees. We remand this cause with directions to determine the amount of and to award appellant permanent periodic alimony. We also direct the trial court to award appellant those reasonable attorney’s fees and taxable costs incurred in the trial court and in this appeal. The final judgment is otherwise affirmed in all respects.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and ANSTEAD and DELL, JJ., concur.