CAMPBELL, M.,
Associate Judge, concurring in part and dissenting in part.
I concur with the affirmance by the majority on all issues except that raised by the wife on her cross-appeal relating to the trial court’s failure to award permanent periodic alimony. On that issue, I respectfully dissent and would, on remand, direct that the award of rehabilitative alimony be converted to permanent period alimony in the amount of $2,400 per month.
The parties to this dissolution proceeding were married in 1969. They have two teenage children. The husband is a successful attorney. The wife has a degree in Zoology and taught school briefly until the youngest child was bom in 1970, and has not been employed since. She has no current occupational license or teaching certificate. The parties agreed during the marriage that after the children were bom, the wife should not be employed outside the home.
The parties have enjoyed a luxurious lifestyle which has involved extensive travel in this country, Canada and Europe. The parties employed a maid, dined out at fine restaurants, had the use of a helicopter and private plane and often traveled to New York and other cities to purchase clothes. The husband testified that prior to their separation, he spent in excess of $1,000 per week to support his wife and children.
While the wife may eventually be reeducated so as to be able to pursue some form of gainful employment, there is no evidence to show that she will ever be able to support herself commensurate with the standard established during the marriage. While the trial court ordered the husband to pay to the wife $225,000 as lump sum alimony, the final judgment specifically provided that that award was to ensure equitable distribution of the marital assets which were substantial.
I cannot distinguish this case from Hine-baugh v. Hinebaugh, 403 So.2d 451 (Fla. 5th DCA), petition dismissed, 408 So.2d 1093 (Fla.1981); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3rd DCA), review denied, 482 So.2d 347 (Fla.1985); Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985); Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985). I, therefore, would direct that permanent alimony be awarded.