491 So.2d 1201 (1986)
Chiyo ALLISON, Appellant,
v.
Donald Edward ALLISON Appellee.
No. BK-314.
District Court of Appeal of Florida, First District.
July 17, 1986.
*1202 Michael J. Korn, Jacksonville, for appellant.
Douglas C. Higginbotham, Jacksonville, for appellee.
WILLIS, BEN C. (Retired), Associate Judge.
This is an appeal from a final judgment of dissolution of marriage. The following issues have been presented for our consideration: (1) whether the trial court erred in failing to award the wife permanent periodic alimony, and in failing to award an adequate amount of alimony; (2) whether the trial court erred in failing to equitably distribute the marital assets of the parties; and (3) whether the trial court erred in failing to specifically address and rule in its final judgment on certain issues which were raised by the pleadings and at trial. We reverse in part and remand.
The husband and wife were married in 1962 in Okinawa, Japan, while the husband was on active duty in the United States Air Force. The wife was a nineteen-year-old Japanese national at the time. The parties subsequently returned to the United States, and the wife became a United States citizen. Three children were born of the marriage, one of whom was still a minor at the time of the parties' divorce.
During the course of the marriage the wife served as a homemaker/mother and was not employed outside the marital home. At the time of the final hearing, as the trial court found, the wife had difficulty with the English language and had "very limited skills with which to obtain satisfactory employment."
Prior to the final hearing in this cause, the wife underwent various testing and interviews to determine her employability. According to the testimony of an occupational analyst, the wife must improve her typing skills in order to do light clerical work, paying no more than $4 per hour. The expert also opined that the wife might be able to obtain work as a computer data operator, earning a salary in the level of $12,000 per year, if she were to engage in classes for two years for proper training.
The court in its final order found that the wife, unlike the husband, is "living from day to day" and has no separate funds or assets of her own. Yet, the trial court merely awarded her one year of rehabilitative alimony, instead of permanent periodic alimony.
It is well settled that the purpose of permanent periodic alimony is to provide the needs and necessities of life to a former spouse as they were established during the marriage of the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). On the other hand, rehabilitative alimony is intended to "establish the capacity for selfsupport of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris at 1202. Rehabilitative alimony is therefore appropriate only where the evidence suggests that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting. Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985).
In Colucci v. Colucci, 392 So.2d 577 (Fla. 3rd DCA 1981), it was held that the trial court's failure to award permanent alimony to a wife who had no present ability to support herself and no reasonable prospect that she would be able to do so in the future was error, notwithstanding the court's reservation of jurisdiction to consider awarding permanent alimony after the period set out. The district court noted the husband's argument that it was unimportant *1203 what the alimony was termed in light of the wife's ability to have it reviewed and modified. The court stated that such an argument is unimpressive as the error committed was harmful to the wife by requiring her to shoulder the burden of demonstrating a significant change in circumstances before there could be a modification.
Likewise, in Fazli v. Fazli, 434 So.2d 1022 (Fla. 2d DCA 1983), a case with facts remarkably similar to those in the present case, the district court found an award of rehabilitative alimony was error where the wife, a Pakistani national, of a nineteen-year marriage had no appreciable job history or education in the United States and a "less than perfect command of the English language." The court also noted that the husband was earning $24,000 per year of which he only was required to pay $4,800 in annual support to the wife; the court found this situation forced the wife to pass from prosperity to misfortune. Accord, Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985) (where the wife did not have a job and evidence indicated that if she became employed she would probably earn only minimum wage, permanent periodic, and not rehabilitative alimony should have been awarded).
As noted by the Florida Supreme Court in the Canakaris opinion, judges dealing with cases that are essentially alike should reach the same result. "Different results reached from substantially the same facts comport with neither logic nor reasonableness." Canakaris at 1203. Accordingly, we reverse the trial court's award of rehabilitative alimony, finding it constitutes an abuse of discretion under these circumstances, and remand with directions that it be made permanent in nature. However, we do not feel it can be said the trial court abused its discretion in fashioning the amount of alimony to be received by the wife, and affirm this portion of the order.
With regard to the distribution of the parties' marital assets, the wife was only awarded exclusive possession of the marital home until such time as the parties' youngest child reached the age of majority. The trial court failed to equitably distribute a $12,000 bank account and a parcel of property located in Sumter County, both held in the husband's sole name.
Although a property distribution need not be exactly equal, parties to a dissolution proceeding are entitled to an equitable distribution of the marital assets. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). Further, the fact that one spouse, as the wage earner, had a more active role in the acquisition of the asset does not defeat the claim of the spouse who contributed to the family welfare by working as a homemaker and mother. Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986); Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed, 307 So.2d 186 (Fla. 1975).
As the instant record shows, both the bank account and the Sumter County property were accumulated by the husband and wife during the course of their marriage. Accordingly, we find both are marital assets and should have been the subject of equitable distribution at the trial level.
Having determined that a more equitable distribution of the parties' assets must be achieved, we would suggest to the trial court, upon remand, that it consider awarding to the wife the husband's interest in the parties' home as one method by which this goal might be met. Tronconi v. Tronconi, supra (trial court did not abuse its discretion in determining that an equitable distribution could be achieved through entry of cross awards which gave the wife the marital home and gave to the husband a second house and some investment property). We believe this would be a reasonable course of action as the husband relies on the interest generated from the bank account to form part of his income. Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985).
Upon remand, we further direct the trial court to order equal distribution of the parties' 1984 income tax refund and to address the wife's needs as to health care. Likewise, the issue of who is responsible for the mortgage payments on the family's *1204 home should be addressed, for the sake of clarity, and who is responsible for repairs.
Reversed in part and remanded with directions.
WENTWORTH and NIMMONS, JJ., concur.