498 So.2d 538 (1986)
Margaret Virginia MUNDY, Appellant,
v.
Madison Lee MUNDY, Jr., Appellee.
No. BK-336.
District Court of Appeal of Florida, First District.
November 20, 1986.
Charles J. Kahn, Jr. and David H. Levin, of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
*539 James D. Swearingen, of Harrell, Wiltshire, Stone and Swearingen, Pensacola, for appellee.
JOANOS, Judge.
In this appeal from a final judgment of dissolution of marriage, the wife raises two points for our review: (1) whether the awards of $100 per month permanent periodic alimony and $500 per month for two years rehabilitative alimony constituted an abuse of discretion, and (2) whether the denial of an award of the marital home as lump sum alimony constituted an abuse of discretion. We affirm in part and reverse in part.
The parties were married in 1960, when the wife was nineteen and the husband was twenty. The two daughters born of the marriage, who were 19 and 11 years of age respectively when the final order of dissolution was entered, reside with the wife in the marital home. The older daughter attends college. The younger daughter had been hospitalized from November 1984 until February 1985, and had been attending school as a home-bound student. At the time of this dissolution proceeding, the younger daughter's health had improved, but she was still being treated with medication and therapy.
In describing her 11-year-old daughter's illness and her own role in caring for her child, the wife stated that the doctor advised her that if her daughter is able to return to school, she will need a strong home influence. Due to the daughter's health problems, her treating physician advised the wife not to work at this time.
The record reflects that the husband is a quality control technician with Monsanto, and has been with the company for more than twenty-five years. In 1984, the husband's total earnings were $39,000. In addition to his salary and overtime earnings, the husband has a retirement fund, savings bonds, credit union savings, and an investment program. In contrast, the wife has not worked outside the home for twenty years. She has no income other than alimony and no savings, retirement, or investment program of any kind. The wife's education consists of high school, one semester of junior college, and a 6-weeks typing course. After her marriage, the wife worked for five years as a secretary-bookkeeper. However, she has not been employed outside the home since shortly before the birth of her older daughter.
In the final judgment, the trial court directed the husband to pay $400 monthly in child support until the younger daughter reaches the age of eighteen or becomes married or self-supporting, to pay $100 monthly as permanent periodic alimony, and to pay $500 monthly for a period of twenty-four months as rehabilitative alimony. In addition, the wife was given exclusive use of the marital home until the younger daughter finishes high school or the wife remarries. The wife was directed to make mortgage, tax, and insurance payments on the property, and, upon partition or sale, the wife will be entitled to credit for one-half of the amounts paid on the husband's interest in the property.
The wife contends the total alimony award should be permanent alimony, subject to the husband's future right to seek modification. We agree.
It is well settled that the purpose of rehabilitative alimony is to enable the receiving spouse to establish a capacity for self support, "either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). Thus, rehabilitative alimony is appropriate only in those instances where the evidence indicates the recipient spouse has the potential or capacity to be rehabilitated "to a financial stature that would permit her to become self-supporting." Allison v. Allison, 491 So.2d 1201 (Fla. 1st DCA 1986); Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985); Filkins v. Filkins, 458 So.2d 73 (Fla. 2d DCA 1984).
Courts are in agreement that it is an abuse of discretion to award rehabilitative alimony to a wife who has no present ability *540 to support herself and no reasonable prospect that she could do so in the near future. The fact patterns in these cases are remarkably similar, i.e., the marriage has been of relatively long duration, the recipient wife has been a homemaker for most of the marriage and has no independent income and no present capacity for self-support, and the wife may have the care of minor children. Allison v. Allison, supra, citing Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); Harrell v. Harrell, 403 So.2d 589 (Fla. 1st DCA 1981); Golden v. Golden, 395 So.2d 1255 (Fla. 1st DCA 1981); Swen v. Swen, 488 So.2d 921 (Fla. 4th DCA 1986); Green v. Green, 484 So.2d 1269 (Fla. 3d DCA 1986); Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985).
The wife in this case presents just such a profile. She was forty-four at the time of the dissolution, the parties had been married for twenty-five years, the wife had not worked outside the home for over twenty years, and her former employment as a bookkeeper had been at minimum wage. The wife's education consists of high school, one semester of junior college  limited to liberal arts courses, and a 6-weeks typing course. The wife stated that her health is generally sound, and the husband testified that the wife is intelligent and her former employer thought highly of her work. No evidence was adduced, however, to establish that the wife is presently employable or that she will have the capacity for self-support two years hence. Thus, there is no competent substantial evidence in this record to support the award of rehabilitative alimony.
We find that the two-year period designated by the trial court as the rehabilitative period bears no relationship to an educational or training program appropriate for the wife, or to any potential employment for the wife. This two-year time frame coincides, also, with the projected duration of the younger daughter's illness. The daughter's treating physician has advised the wife not to work during this "critical" period in her daughter's recovery. Presumably, that advice applies to training or college course work designed to place the wife in the work force, since such training would take her out of the home just as a job would do.
In the circumstances of this case, the trial court's award of rehabilitative alimony constitutes an abuse of discretion. However, the amount of the award, when combined with the permanent alimony of $100 monthly is reasonable in terms of the wife's need and the husband's ability to pay. Anderson v. Anderson, 489 So.2d 1232, 1233 (Fla. 1st DCA 1986). Therefore, we reverse the award of rehabilitative alimony and remand to the trial court with directions to convert the $500 rehabilitative alimony award to permanent alimony, for a total permanent periodic alimony award of $600 per month.
We affirm the trial court's ruling with regard to the marital home. The wife sought an award of the marital home as lump sum alimony to offset the alleged inequity in distribution of marital assets which did not take into consideration the husband's entitlement to pension benefits. We are cognizant of the supreme court's directive in Diffenderfer v. Diffenderfer, 491 So.2d 265, 270 (Fla. 1986), "that a spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property." Nevertheless, we conclude that in the circumstances of this case, taken together with our disposition of point one of this appeal, the trial court's denial of an award of the marital home as lump sum alimony was not an abuse of discretion.
Accordingly, we affirm the trial court's ruling with regard to the marital home, and reverse and remand the rehabilitative alimony award for proceedings consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur.