505 So.2d 1385 (1987)
Virginia Delores HOLCOMB, Appellant,
v.
Robert M. HOLCOMB, Appellee.
No. BN-342.
District Court of Appeal of Florida, First District.
April 29, 1987.
Dale E. Rice, Crestview, for appellant.
Ben L. Holley, of Barrow & Holley, Crestview, for appellee.
JOANOS, Judge.
Virginia Delores Holcomb (Wife) appeals from a final judgment of dissolution of marriage and challenges the alimony award and property division. The wife asserts that the trial court erred by: 1) granting her four years of rehabilitative alimony instead of a greater amount of permanent alimony; 2) not awarding her the marital home as lump sum alimony; 3) not awarding her an interest in the husband's retirement plans, and 4) not distributing the marital property equitably. We affirm in part, reverse in part, and remand.
The parties were married on November 19, 1959, and have three adult children. At the time of the final hearing the wife was age forty-three and the husband was age forty-nine. The parties had been having marital problems since approximately 1978, and had been separated for four years at the time of the hearing. The husband had *1386 voluntarily been paying the wife $550.00 every two weeks since the separation.
The wife has completed a high school education. She has never been employed and has no job skills except the ability to cook, clean, and teach Sunday school. The wife complains of headaches and a shoulder problem. She has also had problems with her feet and had skin cancer removed from her face prior to the hearing.
The husband testified that he has been living and working overseas as a civil servant with the engineer corps since before the couple was separated. Due to the overseas nature of the work, as long as the husband remains out of the country he makes approximately $50,000 a year, and lives in government supplied housing. The husband further testified that once the overseas jobs terminate he will return to this country at a salary of approximately $34,481, and will have to furnish his own living accommodations. As a result of his divorce his salary will be reduced by $180.27 every two weeks, the amount previously allotted to maintain two homes while he was working abroad.
The parties had accumulated assets during their marriage which consist of the following: the one acre tract that was given to the parties by the parents of the wife on which the marital home is constructed; the four bedroom brick home built on that lot by the husband, in which the wife has lived for the past 13 years, that has an estimated value of between $65,000-80,000, with a $10,000 mortgage; a lot at Villa Tasso that has an estimated value of $4,000; a mobile home in North Carolina that has an estimated value of $12,000, which is rented at $10.00 profit per month and has a mortgage of approximately $9,000; household goods and furnishings in the local brick home; and a few household goods of the husband's, including a motorcycle located in Honduras where he had lived for 2 1/2 years prior to the hearing. In addition, the couple had approximately $13,000 in various checking and savings accounts; a Gulf Life insurance policy issued on the life of the husband that he established in 1966, which will entitle him to a lump sum of $17,000; and the retirement plan of the husband which will yield approximately $12,000 yearly when he attains the age of 55. Also, the parties have two cars. The wife's car is a 1978 Chevrolet Caprice and husband's car is a 1974 Cadillac.
In response to husband's petition for dissolution of marriage, wife asked for permanent alimony, property in and around the homeplace, the 1978 automobile and either the marital home as lump sum alimony or in the alternative, the permanent exclusive use of the home. She also asked for an interest in the husband's retirement plan. The court entered a final judgment on November 14, 1985, wherein the wife was awarded $550 every two weeks as rehabilitative alimony for a period of four years. The lower court awarded the wife sole use and possession of the marital home as permanent alimony, and ordered that the parties hold title as tenants in common. The wife was made responsible for making the $168 payments on the home mortgage as well as paying the taxes and insurance. Wife also received $168 per month as permanent alimony, and she received approximately $3,000 in cash from their various checking and savings accounts. According to the final judgment, the court considered appellee's retirement plan when dividing the couple's assets, but determined that the wife should have no interest in it.
The husband was awarded the lot at Villa Tasso, cash from the accounts totalling approximately $10,000, a one-half interest in the marital home, his retirement and insurance plans, and the trailer in North Carolina. Each party was awarded his or her personal property; the 1974 Cadillac automobile went to the husband and the 1978 Chevrolet to the wife. Also, the court made the husband responsible for the *1387 wife's attorney's fees. The wife filed a petition for rehearing which was denied except for a modification to one provision of the final judgment, which is not pertinent here.
The wife asserts that the rehabilitative alimony which is scheduled to terminate in four years is not appropriate. We agree. The facts of this case are similar to those in this court's recent opinion in Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986). Applying the rationale in Mundy, we find that given the wife's age, and lack of education and training, a four year award of rehabilitative alimony is error. Apparently the rehabilitative alimony was awarded based on the speculation, that in four years (in her late forties) appellant could have completed a four year college degree and obtained a teaching job paying her $19,000 a year in salary. The only relevant fact that we can find to support such speculation is that appellant has taught Sunday school. The record is devoid of any substantive evidence that appellant will be "rehabilitated" in the four year period allotted. The record reveals that she has not held a job outside the home since her marriage in 1959 when she was a senior in high school. Although there is no evidence that her health would preclude her from procuring and maintaining employment of some nature, we find that the award of rehabilitative alimony, which is forecast to terminate in four years, is arbitrary and not tied to any evidence that would justify a belief that "rehabilitation" to the point of being self-supporting will take place in the allotted time. We find that we must reverse and remand this case with instructions that the rehabilitative alimony be converted to permanent alimony, and the amount of the award be reviewed by the trial judge. See also Allison v. Allison, 491 So.2d 1201 (Fla. 1st DCA 1986), Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985), Maloy v. Maloy, 431 So.2d 743 (Fla. 2d DCA 1983), Neumann v. Neumann, 413 So.2d 1203 (Fla 3rd DCA 1982), G'Sell v. G'Sell, 390 So.2d 1196 (Fla. 5th DCA 1980).
The wife next argues that, because she has lived in the marital home for thirteen years and was allegedly shortchanged by the lower court's property distribution, the lower court erred by not granting her the husband's interest in the marital home as lump sum alimony. The record reveals that the husband built this house himself, and the one acre tract it sits on was a gift from the wife's parents to both parties. Given that this is the major asset the parties have accumulated during their marriage, and that the wife was awarded exclusive use of the home as a form of permanent alimony, we do not find that the trial court abused its discretion in denying her the home outright as lump sum alimony.
Wife also contends that she is entitled to share in her husband's retirement plan and/or life insurance plan. Given the following circumstances, we agree. As the record reveals, the court admitted that, because her husband stopped paying into social security in 1964, appellant would gain little by "dipping into his civil service retirement by applying for social security". The husband testified that he had a government retirement policy that has no present cash value, but counsel and the court calculated from appellant's income tax return that he could draw approximately $12,000 yearly on it when he retired. Also, the husband testified that in 1966 he established a Gulf Life insurance plan that converts to a retirement fund at age 62, which entitles him to $17,000, from which he can draw $250.00 a month or a lump sum of $17,000. The husband testified that he commenced the Gulf Life plan in 1966, and that his wife had no comparable plan. He also testified that, although he thought *1388 they should split everything down the middle, his retirement plan should not be included. We disagree, considering that the wife did not get the house as lump sum alimony, and has no retirement plan of her own, while the husband's retirement plans were developed as assets during at least fifteen years over the course of their marriage. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986), rev. den. 494 So.2d 1149 (Fla. 1986). Consequently, we reverse the lower court's judgment and remand with instructions that the lower court revisit the issue of wife's entitlement to the husband's life insurance-retirement plan and government retirement plan, and treat those items in accordance with the treatment required by the Florida Supreme Court of pension rights in Diffenderfer.
According to the final judgment and supplemental orders, the husband was awarded approximately $10,000 in cash as opposed to the wife's $3,000 award. The husband acknowledges this discrepancy but contends that, because he has the burden of paying both parties' attorneys' fees, this cash division is equitable. We believe that this determination is within the lawful discretion of the trial judge and do not disturb it.
Our findings of error in the trial court's denial of permanent alimony and failure to equitably distribute the marital assets requires reversal. However, in view of the interrelated nature of the monetary awards, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SMITH, and BARFIELD, JJ., concur.