525 So.2d 1028 (1988)
Marianne D. PIRINO, Appellant,
v.
Raymond J. PIRINO, Appellee.
No. 87-1417.
District Court of Appeal of Florida, Fifth District.
June 2, 1988.
George E. Adams of Adams, Hill, Fulford & Morgan, Orlando, for appellant.
Andrea L. Cain of Cain & Ewald, P.A., Orlando, for appellee.
ORFINGER, Judge.
In this appeal from a judgment of dissolution of marriage, the former wife raises several issues, only one of which has merit, viz, that the amount of permanent alimony awarded was too low under the circumstances of this case. In dissolving the 28 year marriage, the trial court awarded the sum of $500 per month as permanent alimony to the 46 year old wife, who had not been employed for many years, finding that the wife could be employed and receive at least minimum wage.
The wife had worked part time early in the marriage, while raising three children, now grown, to help put the husband through dental school and then worked part of the time in the husband's dental office, without pay. During the year prior to the divorce, the husband earned approximately $112,000.[1]
Under the circumstances of this case we consider the award of permanent alimony to be insufficient and an abuse of discretion. Even if the wife were fully employed at the minimum wage, which the trial court considered she could earn, or at the rate of $7.00 per hour, which the husband's expert testified the wife could expect to earn to begin with, there would be a great disparity in the parties' earnings. Even assuming the wife could gross approximately $14,500 per year (earning $7.00 per hour) and received permanent alimony of $6,000 per year, the husband's income would still be almost four times the wife's income. There is no practical way the wife could support herself on that income in a manner commensurate with the standard of living *1029 which the parties enjoyed during the marriage, where the mortgage payments, taxes and insurance on the marital home alone are almost $1,200 per month. We reject the husband's argument that the assets the wife received in the distribution scheme make up for the great difference in income. Both parties shared in the equitable distribution of the assets, but even with the assets distributed to the wife, her economic situation is still so grossly inferior to that of the husband as to clearly demonstrate that the wife was shortchanged. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We remand the case to the trial court with directions to reconsider the award of permanent periodic alimony and to award such sum as is in keeping with the wife's needs and the husband's superior ability to pay and the standard of living of the parties. In all other respects the final judgment is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] The husband testified that this was an unusual year, involving a great amount of overtime. Nevertheless, his earnings for the three year period prior to that one averaged in excess of $74,000 per year.