WIGGINTON, Judge.
Appellant appeals the final judgment of dissolution of the parties’ marriage, challenging the permanent periodic and rehabilitative alimony awards. We reverse and remand for further consideration of those awards.
The parties do not challenge the trial court’s equitable distribution of the marital assets, which resulted in appellant being awarded the marital home, with a value of $120,000 encumbered by a $50,000 mortgage payable at $576 per month, stock worth $18,369, and one-half of appellee’s profit sharing account, worth $59,296, payable upon appellee’s retirement. The award to appellee included stock worth $97,256 and other investments worth $18,-000. According to the final judgment, appellant testified that she would prefer to receive one-half of appellee’s retirement plan and the marital home rather than receiving equitable distribution of the stock. We do not address the property distribution, but we note that the trial judge is not precluded from revisiting it in his reconsideration of the support award.
At the time of the dissolution, the parties had been married for twenty-six years and were both in their mid-forties. By their mutual agreement, appellant worked as a homemaker throughout the marriage and raised the parties’ four children, who have all reached majority. She, therefore, has no earned income. Appellee has been employed by Winn Dixie Stores, Inc. since 1960 and has steadily climbed the ladder of success in that company. His total annual income from 1985 through 1987 has ranged from approximately $60,000 to approximately $78,000.
Appellant demonstrated a need for support and sought permanent periodic alimony. She testified that she is a high school graduate, is active in her church, and has no physical or mental incapacity to prevent her from working outside the home. However, she stated that she has no job skills, she does not have and never has had a desire to work outside the home, and she does not feel capable of furthering her education. She explained that she had made no efforts during the parties’ separation to obtain a job or undergo any training because she had no desire to do so and she had felt that the parties might reconcile.
Appellee testified that he was willing to pay support for appellant for “five to ten years, or how long the court deems” but he did not feel he should pay her support for a lifetime if she could become self-supporting. He stated that he probably could afford to pay her $900 to $1,000 per month in support. He testified that he felt that wife had talents and capabilities to obtain some degree of further education or some type of employment, but neither he nor wife offered into evidence any plan for her rehabilitation.
The trial judge found that, although appellant has no prior work experience, she is in good health and exhibits no impediment that would prevent her from obtaining an education or sufficient training to become employed and earn a living. He stated:
Although the court is not certain as to the extent of the educational or training level (and therefore income) the wife will obtain in the future it is the court’s intent and purpose to encourage the wife to become productive and better herself *625 to avoid a total lifetime dependency on her former husband.
Thereupon, the judge awarded her permanent periodic alimony in the amount of $250 per month and rehabilitative alimony for seven years in the amount of $950 per month for forty-eight months, to be reduced to $550 per month for the remaining thirty-six months.
We find no fault with the trial judge’s well-intentioned attempt to encourage appellant to become self-supporting by providing her a rehabilitative period, and we do not determine that rehabilitative alimony has no place in this divorce settlement. However, since the record contains no evidence that appellant has a present ability to support herself or a reasonable prospect of self-support in the near future and the permanent alimony award is quite meager, we agree with appellant that, under the circumstances, the alimony awards are insufficient in both type and amount. In light of her age, her lack of work experience and her shortage of income-producing assets, which are major factors in our consideration of this case, the absence of that evidence renders the alimony awards in this case an abuse of discretion.
In Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986), under similar circumstances, no evidence was offered to establish that the wife was presently employable or that she would have the capacity for self-support at the end of the two-year rehabilitative alimony period. There, the court stated that rehabilitative alimony is appropriate only in those instances where the evidence indicates that the recipient spouse has the potential or capacity to be rehabilitated “to a financial stature that would permit her to become self-supporting.” See also Holcomb v. Holcomb, 505 So.2d 1385 (Fla. 1st DCA 1987); Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988); and Evans v. Evans, 507 So.2d 1130 (Fla. 1st DCA 1987).
In Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA 1988), citing O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), this Court recognized the standard to be applied in determining the meaning of the term “self-supporting”:
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage.
See also Womble v. Womble, 521 So.2d 149 (Fla. 5th DCA 1988), Pirino v. Pirino, 525 So.2d 1028 (Fla. 5th DCA 1988), and Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986).
Applying the above authorities, we conclude that in a case involving a long-term marriage and a spouse with a demonstrated need for support who has little or no experience in the job market, a meager award of permanent alimony together with a moderate rehabilitative alimony award may be deemed insufficient, depending upon the other spouse’s financial status, in the absence of any convincing evidence in the record that the spouse has the capability of attaining a self-supporting status reasonably commensurate with the standard of living established during the parties’ marriage. Although perhaps a seven-year period of rehabilitation may be presumed to be a sufficient period for almost anyone to obtain some type of employment, in the absence of any showing that the type of employment to be expected at the end of that period will reap earnings commensurate with the standard of living established during the marriage, the award is inadequate if no other sufficient support provisions are awarded to bridge the gap.
Therefore, due to the uncertainties still existent in this case, we reverse the alimony awards and remand to the trial court for reconsideration thereof in light of the standards established by the above authorities.
REVERSED and REMANDED for further proceedings consistent herewith.
JOANOS and NIMMONS, JJ., concur.