HUBBART, Judge
(concurring in part; dissenting in part).
I agree with the court’s disposition of the instant case save for its conclusion that the trial court did not abuse its discretion in making the hybrid rehabilitative/permanent alimony award in this cause. Viewing the record in a light most favorable to the husband, it was established below that (a) this was a twenty-two (22) year marriage; (b) the husband is a successful cardiologist who grosses approximately $240,000 a year and nets approximately $130,000 a year in income through his professional association; (c) the wife, 44 years old, kept house and cared for the parties’ three minor children during the marriage; (d) the wife is a part-time school teacher grossing $11,400 a year in income, could gross $17,000 a year in income if she worked full time, and has a potential, with the help of the awarded rehabilitative alimony, to gross approximately $25,000 a year in the future; (e) the parties enjoyed a relatively affluent, but not extravagant, life style during the marriage; and (f) the wife received, after this court’s adjustments, one half of the marital assets [none of which are income producing] valued at $475,000, including the marital home and part of the husband’s pension.
I think the wife was' arbitrarily short changed on the alimony award. After the rehabilitative alimony is exhausted in 7V2 years, the wife, at age 51, will receive only $1,500 a month in permanent alimony and will be earning, at best, $25,000 a year teaching — for a total of $42,000 gross an *593 nual income. This is not a pittance, but is patently inadequate in view of the husband’s gross income of $240,000 a year ($130,000 net income) as a successful cardiologist and the relatively affluent life style which the parties enjoyed during the marriage. The wife, at the very least, deserves $3,000 a month in permanent alimony so that her gross annual income, including her teaching income, is increased to a far-from-handsome $60,000 a year — as urged by the wife. Although I am loathe to interfere with the trial court’s discretion on this matter, I am nevertheless driven to the conclusion that the $1,500 a month awarded in permanent alimony was arbitrary and unreasonable under any reasonable view of this record — and that the wife’s request for a meager increase to $3,000 per month in permanent alimony would tend to right, at the lower end of the reasonableness scale, the income imbalance which unfortunately the final judgment creates. DeCenzo v. DeCenzo, 433 So.2d 1316, 1318 (Fla. 3d DCA 1983); Carr v. Carr, 522 So.2d 880, 884 (Fla. 1st DCA 1988); Pirino v. Pirino, 525 So.2d 1028 (Fla. 5th DCA 1988).
I would therefore reverse the alimony awarded herein and remand the cause to the trial court with directions to award the wife $3,000 a month in permanent alimony; in all other respects, however, I would affirm the final judgment under review.